## National Masonic Accident Association v. George R. Titman.

1. ACCIDENT ASSOCIATIONS—*Representations as to By-laws—Estoppel.*—An accident association, through its agent, represented to an applicant for insurance, at the time his certificate of membership was issued, that certain printed by-laws exhibited and read to such applicant were the by-laws of the association then in force. *Held*, that such conduct estopped the association from denying the existence and force of such by-laws, as against its liability under the certificate.

2. SAME—*By-laws of Which the Insured Has No Notice.*—Under the facts of this case it is held that the insured was not bound by the provisions of by-laws of the existence of which he had no notice.

Assumpsit, on a certificate in an accident insurance association. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE

National Masonic Accident Ass'n v. Titman.

HANECY, Judge, presiding.   Heard in this court at the March term, 1895.   Affirmed.   Opinion filed May 16, 1895.

*Appellee's instruction, referred to in the opinion of the court:*

The court instructs the jury as a matter of law, that if the plaintiff was insured or assured a member of the defendant society, and at the time said insurance was procured the general agent of the society, whose business it was to know, represented to the plaintiff that a certain set of by-laws was in force, the defendant is estopped from denying the existence or force of said by-laws in this suit.

CLARK VARNUM and W. C. ANDERSON, attorneys for appellant.

It is contended that all the contracts of a mutual insurance association or company are made with reference to all the laws of the organization, and such laws, whether contained in the charter or by-laws, are deemed a part of each contract of membership, and are binding on all members.   Citing Supreme Lodge K. of P. v. Knights, 117 Ind. 489; Bogards v. Farmers Mut. Ins. Co., 79 Mich. 440; Insurance Co. v. Barstow, 8 R. I. 343; Commonwealth v. Insurance Co., 112 Mass. 142; Same v. Same, 112 Mass. 116; Insurance Co. v. Gackenbach, 115 Pa. St. 492; Training School v. Insurance Co., 18 At. Rep. 393; Shaw v. Nat. Ben. Assn., 7 N. Y. Supp. 287; Sands v. Shoemaker, 4 Abb. App. Dec. 149; Planters Ins. Co. v. Comfort, 50 Miss. 62; Bersch v. Ins. Co., 28 Ind. 64; Holland v. Chosen Friends, 25 Atl. Rep. 367; Accident Assn. v. Burr, Sup. Ct. Neb., Mch. 5, '95.

The mutual rights of members of mutual benefit associations, whether voluntary or corporate, depend upon the constitution and by-laws, which have the effect of a contract, whose provisions are binding upon all.   Bauer v. Sampson Lodge K. of H., 102 Ind. 262; Maderia v. Merchant's Exchange Society, 16 Fed. Rep. 749; Karcher v. Knights of Honor, 137 Mass. 368; Penfield v. Skinner, 11 Vt. 296; Treadway v. Hamilton, 29 Conn. 68; Walsh v. Ætna, etc., Ins. Co., 30 Iowa 145; Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. St. 402; Brewer v. Ins. Co., 14 Gray 203; Covenant Ben. Assn. v. Spies, 114 Ill. 463, 468.

HENRY C. NOYES, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE
COURT.

The appellee brought suit against the appellant for an
injury sustained by an accident. He was the holder of a
policy, or certificate of insurance, against accidents, issued
by the appellant. The accident occasioned hernia, or rup-
ture. He recovered before the justice of the peace, and
again in the Circuit Court, upon the verdict of a jury. No
question is made but that if anything is due to appellee the
judgment is for the correct amount. The defense is that the
appellee was not insured against hernia.

The appellant is an Iowa corporation. One J. W. Dins-
dale was general agent of the appellant in Chicago. The
application was made by the appellee to Dinsdale, in Chi-
cago, and was forwarded by the latter to the appellant at
its home office in Des Moines, Iowa, where the certificate of
membership was issued and transmitted back to Dinsdale,
who delivered it to appellee. The application bore date,
" Dec., 1893," and the certificate bore date "this 22nd day
of December, 1893."

The certificate recites that it was issued in consideration
of the warranties in the application, and that appellee was
accepted by appellant as a member " subject to all the con-
ditions and provisions of the articles of incorporation and
by-laws thereof," and makes such conditions and provisions
conditions precedent to the accruing or payment of benefits.

The controversy seems to have grown from the fact that
the appellant had two sets of by-laws, one set from its
organization in 1889, to May 16, 1893, and another set from
that date.

Dinsdale was made manager of the appellant's agency in
Chicago, in November, 1893. He testified that at the time
he accepted the agency he told the secretary of the appel-
lant that he would not take the agency without being shown
a copy of the by-laws, and that the secretary replied that he
had no copy of them with him, but would send them to him,
Dinsdale. This occurred about a week or two before
appellee's application for membership was taken. The sec-

National Masonic Accident Ass'n v. Titman.

retary afterward sent from the home office the printed copy
of articles of incorporation and by-laws of the appellant
which were offered in evidence by appellee, to Dinsdale, who
showed and read them to appellee at the time he made appli-
cation for membership.    No other by-laws were ever seen
or known of by the appellee.

Neither in the application, the certificate of membership
that was issued to appellee, the articles of incorporation, nor
in those by-laws, was there any reference to hernia as an
excluded risk or liability.    Whether there were other
by-laws adopted by the appellant and in force from May 16,
1893, wherein hernia was an excluded risk, it is not neces-
sary to inquire.

The conduct of the appellant, through its agents, in rep-
resenting to the appellee at the time the membership certif-
icate was issued that the printed by-laws that were exhibited
and read to him were the by-laws of the appellant then in
force, estopped the appellant from denying, afterward, their
existence and force as against its liability under said certifi-
cate.

The instruction that the court gave for the appellee on
that point correctly stated the law.    And it was not error
for the court to refuse to give the ninth instruction asked
by the appellee, under which the doctrine of estoppel appli-
cable to such cases as this would be denied.

The court likewise properly refused to give the tenth
instruction asked by appellant.    The written notice there
referred to was required only by the new by-laws of which
appellee had no notice.

The by-laws which were shown and read to appellee by
the general agent contained no requirement as to giving
notice within ten days of the injury, and it was with refer-
ence to them that the contract was made.

Proof of notice was made, however, probably in pursuance
of a requirement printed on the back of the certificate.    The
record, however, shows most clearly that it was not because
of lack of notice, but because of the nature of the injury
that the appellee's claim was refused payment.

In none of the negotiations that were had was insufficient notice claimed by the appellant, but on the other hand notice was recognized as having been given, and it was because of what the notice disclosed, viz., hernia, as the injury, that appellee's claim was rejected.

Upon the whole record, the judgment of the Circuit Court should be affirmed, and it is so ordered.

Mr. Presiding Justice WATERMAN dissents.